UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 05-cv-2570-DSD/JJG

Progressive Northern Insurance Company,

  Plaintiff,

v.

Robert G. Wadham, Jason Nieves,
Atlantic Circulation, Inc., James Everett
Marcus Cranmer, Melanie Beam, Lamb
Sales, Inc., Richard A. Lamb individually
and d/b/a Lamb Sales, Inc., and Omni
Distribution, Inc.,

  Defendants.

# FINDINGS OF FACT, CONCLUSIONS OF LAW
# AND ORDER FOR JUDGMENT

The above captioned matter came on for decision before the undersigned, the Honorable David S. Doty, Judge of United States District Court. The Court, after examining all the pleadings, files, and records herein hereby makes the following:

## FINDINGS OF FACT

1. Progressive Northern Insurance Company (hereinafter "Progressive") is incorporated in the State of Wisconsin and domiciled in Madison.

2. Progressive initiated this action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, *et. seq.* involving the application of a business automobile policy of insurance and the rights and obligations of the parties in relation thereto as involving a personal injury action commenced by Defendants Wadham and Nieves, pending in the United States District Court, District of Minnesota, Court File No.:04-CV-4396 DSD/JJG (the "underlying case").

3.      Defendants Wadham and Nieves allege in the underlying case that on September 28, 2001 they were passengers in a 1991 Chevrolet Astro van owned by Defendant Beam and driven by Defendant Cranmer when it collided with another vehicle at or near the intersection of U.S. Highway 212 and County Road 41, County of Carver, State of Minnesota (hereinafter the "accident").   Defendants Wadham and Nieves further allege that they were injured in the accident.

4.      Defendants Wadham and Nieves also allege in the underlying case that Defendant Cranmer was an employee/agent of Defendant Atlantic Circulation, Inc., and was acting within the course and scope of his employment with it at the time of the accident creating vicarious liability for Defendant Atlantic Circulation, Inc., for his alleged negligence as driver of the vehicle.

5.      Defendant Atlantic Circulation, Inc., answered Defendant Wadham and Nieves Complaint and generally denied it had any employee/agent relationship with Wadham, Nieves or Cranmer.  Defendant Atlantic Circulation, Inc., subsequently brought a Third-Party Complaint in the underlying case against Lamb Sales, Inc. and Richard A. Lamb, individually and d/b/a Lamb Sales, Inc. alleging that it entered into an independent contractor agreement with Lamb Sales, Inc. wherein Lamb Sales, Inc. agreed to solicit and secure magazine and book subscriptions for Atlantic Circulation, Inc.

6.      Defendant Atlantic Circulation, Inc., further alleged that Defendants Cranmer, Wadham, and Nieves were hired or retained by Lamb Sales, Inc. and were employees or agents of Lamb Sales, Inc. for the purpose of soliciting magazine subscriptions at the time of the

accident but were not employees or agents of Atlantic Circulation Inc. Defendant Atlantic Circulation, Inc. claims entitlement to indemnity and contribution from Lamb Sales, Inc. and/or that Lamb Sales, Inc. is vicariously liable and responsible for the injuries and damages claimed by Defendants Wadham and Nieves.

7. Progressive provided a defense in the underlying lawsuit under full reservation of rights. As a result both Lamb Sales, Inc., and Richard Lamb have been provided with defense in the underlying lawsuit at the expense of Progressive.

8. Default has been entered pursuant to Rule 55 (a) of the Federal Rules of Civil Procedure against Defendants Robert G. Wadham, Jason Nieves, Atlantic Circulation, Inc., Melanie Beam, Lamb Sales, Inc., and Richard A. Lamb individually and d/b/a Lamb Sales, Inc., by the Court Clerk.  Default was not requested nor issued as to Defendant Cranmer – despite repeated efforts to serve him Progressive was unable to do so.

9. Progressive issued commercial automobile insurance, Policy No. CA-0-47-08-509-0 (the "Progressive Policy"), to Lamb Sales, Inc., at PO BOX 448, Mountville, Pennsylvania, 17554, for the policy period of June 1, 2001 to June 1, 2002. The Progressive Policy states:

> We will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for which an **insured** is legally liable because of an **accident**.
>
> We will defend any lawsuit for damages which are payable under this Policy or settle any claim for those damages as we think appropriate . . .

"Accident" is defined in the policy as follows:

> 8. "**Accident**" means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event,

3

>
> that causes **bodily injury** or **property damage** and arises out of the ownership, maintenance or use of **your insured auto**.

"Your insured auto" is also defined by the policy as:

> 9. "**Your insured Auto**" or "**Insured Auto**" means:
>
>    a. Any auto described in the Declarations or any **replacement auto**. The same coverages and limits will apply to the **replacement auto** as applied to the **auto** being replaced, until you notify us. **You** must, however, notify **us** within 30 days of replacement <u>for coverage to continue to apply. Once ownership in the original **auto** is transferred, this Policy no longer applies to it.</u>
>
>    b. Any additional auto of which you acquire ownership during the policy period provided that: 1) if the auto is used in your business, we must insure all other autos you own and that have been used in your business, and 2) if the auto is not used in your business, we must insurance all other autos you own. . .
>
>    c. Any **non-owned auto** while you or an employee of yours is temporarily driving it as a substitute for any other auto described in this definition because of its withdrawal from normal use for a period of not greater than 30 days without notification to us due to breakdown, repair, servicing, loss or destruction . . .
>
>    d. **Trailers** designed primarily for travel on public roads . . .
>
>    e. **Mobile equipment**. . . if it is permanently attached to **your insured auto** and **your insured auto** is in transit on a public roadway.

The term "Replacement Auto" is defined as follows:

> 10. "**Replacement Auto**" means any auto which you have acquired ownership of during the current policy term that

>   has taken the place of an auto described in the Declarations due to:
>
>   a.  termination of your ownership of the auto described in the Declarations; or
>
>   b.  mechanical breakdown, deterioration or loss of the auto described in the declarations, rendering it permanently inoperable.

10. The Progressive Policy lists three vehicles in the declarations: (1) a 1990 Dodge Van with VIN 285WB35Z8LK736760; (2) a 1978 Chevy Performance Auto with VIN 1Z87L8SC430115; and (3) a 1993 Chevrolet Mini Van with VIN 1GNDM19Z0PB186108.

11. Richard Lamb incorporated Lamb Sales in 2000 in Delaware. Richard Lamb was always an officer of Lamb Sales Inc. and was responsible for the operation of vehicles, the maintenance of vehicles, and the insuring of vehicles for Lamb Sales Inc.

12. Lamb Sales Inc. is the named insured on the Progressive Policy and was involved in some manner in the business of magazine sales with Atlantic Circulation. The exact nature of the relationship is disputed in the underlying lawsuit.

13. Lamb Sales Inc. never acquired ownership of the 1991 Astro van involved in the accident and driven by Defendant Cranmer, nor was it ever used to replace one of the other vehicles insured by the Progressive Policy.

## **CONCLUSIONS OF LAW**

1. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material only when its resolution affects the outcome of the case. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Although all evidence and inferences must be viewed in the light most favorable to the nonmoving party, the nonmoving party may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. *Id.* at 250, 106 S.Ct. at 2511-12; *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  Furthermore, the interpretation of an insurance policy is a question of law that is subject to de novo review on appeal. *Dowdle v. National Life Ins. Co.*, 407 F.3d 967, 970 (8th Cir. 2005).  As there are no genuine issues of material fact in this case, summary judgment is the appropriate means of resolving this matter.

    2.     General principles of contract interpretation apply to the interpretation of insurance policies.  Under Minnesota law, parties to insurance contracts are free to contract as they wish and the insurer's liability is governed by the terms of the contract. *Lobeck v. State Farm Mut. Auto. Ins. Co.*, 582 N.W.2d 246, 249 (Minn. 1998); *Bobich v. Oja*, 258 Minn. 287, 294, 104 N.W.2d 19, 24 (1960).  An insurance contract must not violate applicable statutes or omit coverage required by law. *Kelly v. State Farm Mut. Auto. Ins. Co.*, 666 N.W.2d 328, 331 (Minn. 2003).

    3.     The Progressive Policy issued to Lamb Sales Inc. provides liability coverage for the policy period of June 1, 2001 to June 1, 2002 for accidents involving the maintenance or use of an "insured auto." Progressive's defense and indemnity obligations under the policy are only triggered if an "insured auto" is involved in the accident.  Unless the at-fault vehicle being driven

by Defendant Cranmer was an "insured auto" there is no liability coverage for the accident under the Progressive Policy.

4. The accident that occurred on September 28, 2001 did not result from the maintenance or use of an "insured auto" under the Progressive Policy issued to Lamb Sales Inc.

5. The insurance policy issued by Progressive Northern Insurance Company to Lamb Sales, Inc. does not apply to the bodily injury or property damage liability claims asserted in the underlying action commenced by Defendants Wadham and Nieves, pending in the United States District Court, District of Minnesota, Court File No.:04-CV-4396 DSD/JJG .

## ORDER FOR JUDGMENT

1. Progressive Northern Insurance Company's Motion for Summary Judgment is hereby **Granted**.

2. Progressive Northern Insurance Company has no obligation to defend or indemnify Lamb Sales, Inc. or Richard Lamb for the claims asserted in the underlying action (United States District Court, District of Minnesota, Court File No.:04-CV-4396 DSD/JJG).

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 14, 2006                s/ David S. Doty
                                     David S. Doty, Judge
                                     United States District Court